## Lloyd v. Sysco of Philadelphia

*Thomas M. Holland,* for plaintiff.
*James N. Boudreau* and *Sean V. Burke,* for defendants.

COHEN, *J.,* July 23, 2001—

## INTRODUCTION

On April 23, 2001, this court granted a non pros in favor of all defendants and against the plaintiff in this wrongful termination case.

Rather than file post-verdict motions, the non-prevailing plaintiff appealed this court's entry of a non pros to the Superior Court on May 24, 2001. Thereupon this court ordered that the plaintiff file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 11, 2001, the plaintiff filed what he characterized as a statement of matters complained of on appeal enumerating the legal issues on appeal as follows:

"(a) whether it was error for the trial court to dismiss plaintiff's complaint upon plaintiff's showing that he perfected service on defendants Sysco, Heildabrand and Young on June 22, 2000 when plaintiff's counsel delivered three copies of the above-referenced civil action complaint to Sandra, a security guard in charge at Sysco;

"(b) whether it was error for the trial court to dismiss plaintiff's complaint upon plaintiff's showing that he properly effectuated service of the reinstated complaint on defendant Chris Young, c/o Sysco of Philadelphia on October 10, 2000.

"(c) whether it was an abuse of discretion for the trial court to overrule plaintiff's preliminary objections where defendants failed to comply with Pennsylvania Rule of Civil Procedure 1026(a)."

## DISCUSSION

The official docket in this matter shows that on September 25, 2000, the Honorable Patricia A. McInerney, a judge of this court, sustained the preliminary objections of defendant Sysco on the basis of improper service. Judge McInerney afforded the plaintiff the opportunity to reinstate and properly effectuate service upon Sysco. The plaintiff did that. Despite the filing of an affidavit of service, Sysco filed preliminary objections claiming it had not been served. Judge McInerney on February 7, 2001 again sustained the preliminary objections of Sysco and dismissed the complaint against it, this time with prejudice. On February 2, 2001, the court had overruled the plaintiff's preliminary objections to the preliminary objections of Sysco.

Plaintiff, in this wrongful termination case, had sued his former employer, Sysco Food Services of Philadelphia, as well as two supervisors—Ned Heildabrand and Chris Young. Heildabrand and Young filed preliminary

objections alleging lack of service on February 23, 2001. The plaintiff, on March 15, 2001, filed a response to the preliminary objections of the individual defendants. In his response, the plaintiff sought to overcome the clear message sent by the docket: the individual defendants had not been served. Plaintiff claimed that his counsel delivered three copies of his civil action to a security guard at Sysco on June 22, 2000. However, it was that means of service that prompted Judge McInerney to sustain Sysco's preliminary objections. The plaintiff argued that "Judge McInerney did not rule on the sufficiency of service of individual defendants Heildabrand and Young, insofar as those defendants did not file preliminary objections at that time." Plaintiff inferentially admits that service upon defendant Heildabrand was ineffective by submitting that "defendant Young was properly served on October 10, 2000."

The docket controlled this court's determination of April 23, 2001. While the plaintiff asked for a hearing during his appearance before the court on April 23, that request arrived as too little too late. As to the plaintiff's further argument that the defendants violated a Rule of Civil Procedure, that argument is waived in that it does not appear in the pleadings of record.

In sum, the plaintiff's recorded efforts to effect service in this matter do not even approach the efforts of the plaintiff in the case of *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001), the Pennsylvania Supreme Court's most recent evaluation of what amounts to good service in Pennsylvania courts. This plaintiff's efforts amount to a self-serving bouquet of ineffectual affidavits. This court, as well as his sister judge, had every reason under the facts and the law to sustain the preliminary objections of the defendants. The within appeal has no merit.